UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMSON BEKELE BESHIA,

     Plaintiff,

v.                                                          Case No. 6:17-cv-1117-Orl-37PDB

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## <u>ORDER</u>

     In the instant action, Plaintiff Samson Bekele Beshia appeals a final decision of the Commissioner of the Social Security Administration ("**Commissioner**") denying his application for disability benefits. (Doc. 1.) On referral, U.S. Magistrate Judge Patricia D. Barksdale issued a Report and Recommendation recommending the Commissioner's final decision be affirmed. (Doc. 19 ("**R&R**").) Plaintiff then objected to the R&R (Doc. 20 ("**Objection**")), now before the Court.

     On *de novo* review, the Court finds that the R&R is due to be partially adopted, the Objection partially sustained, and this case remanded to the Administrative Law Judge ("**ALJ**").

## I.    BACKGROUND

     Plaintiff filed an application for disability benefits on October 8, 2015 alleging disability beginning July 20, 2014 due to, *inter alia*, conditions associated with his neck,

knees, and back. (R. 129–30, 132.)[1] His claim was denied initially (R. 136–37, 139, 158–60) and on reconsideration (R. 140–53, 161–660). Plaintiff then requested a hearing in front of an ALJ (R. 167–69), which was held on September 7, 2016 with counsel present (R. 30–98).

On December 1, 2016, the ALJ issued an unfavorable decision concluding that Plaintiff was not disabled. (R. 14–29.) Following the Social Security Administration's ("**SSA**") five-step sequential process, the ALJ found that: (1) Plaintiff suffered severe impairments—lumbar and cervical degenerative disc disease, osteoarthritis, obesity, knee impairment, and sciatica; (2) Plaintiff had no impairment or combination of impairments to meet or medically equal the severity of the Social Security Regulations' listed impairments; and (3) Plaintiff had the residual functional capacity ("**RFC**") to perform unskilled sedentary work with limitations. (R. 20–24.) Based on Plaintiff's RFC and background, along with testimony from a vocational expert, the ALJ found jobs existing in the national economy that Plaintiff could perform. (R. 24–25.) Thus, the ALJ denied Plaintiff's disability application. (R. 25.)

Plaintiff requested review of the ALJ's decision before the Appeals Council of the Social Security Administration (R. 10–13), which was denied (R. 2–7). As such, the ALJ's finding of no disability became the Commissioner's final decision.

Plaintiff then filed this action requesting review of the Commissioner's decision and reversal for an award of benefits or remand. (Doc. 1, ¶¶ 1–7.) As grounds, Plaintiff cites three assignments of error: (1) the ALJ failed to properly weigh the opinion of the

---

[1] The Court cites the administrative record as "**R.**" in reference to the Social Security Transcript located at Doc. 13.

consultative examiner (Doc. 15, pp. 8–11); (2) the ALJ's failure to issue a subpoena for the consultative examiner violated Plaintiff's due process rights (*id.* at 11–13); and (3) the ALJ applied the wrong legal standard and improperly considered Plaintiff's Veterans Affairs ("**VA**") 100% disability rating (*id.* at 13–14). In a comprehensive R&R, Magistrate Judge Barksdale found none of these grounds availing. (*See generally* Doc. 19). Plaintiff's Objection raises the same three concerns, ultimately arguing that the ALJ failed to apply the correct legal standards and made findings that were not supported by substantial evidence. (*See* Doc. 20.) Briefing complete,[2] the matter is ripe.

## II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.    DISCUSSION

Plaintiff's Objection cites three issues with the ALJ's decision and the R&R. (Doc. 20.) As the first two concern the ALJ's treatment of consultative examiner Dr. Perdomo,

---

[2] The Commissioner did not submit a response, which was due within fourteen days of the Objection. *See* Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days of being served with a copy.").

the Court addresses them together first, then tackles Plaintiff's third argument about the VA disability rating.

### A.    Dr. Perdomo

In the Objection, Plaintiff assigns error to the ALJ giving little weight to the opinion and medical findings of consultative examiner Dr. Perdomo. (Doc. 20, pp. 2–3.) Dr. Perdomo conducted a one-time examination of Plaintiff and his impairment finding, if accepted, would not clear Plaintiff to perform sedentary work as the ALJ ultimately found. (*Id.*; *see also* R. 534–37, Doc. 15, p. 10–11.) Furthermore, the ALJ failed to issue a subpoena for Dr. Perdomo to appear at the hearing, which Plaintiff contends violated his due process and prejudiced him. (Doc. 20, pp. 4–5.) On review, the Court rejects both arguments.

Determining whether an individual is disabled as defined by the Social Security Administration ("**SSA**") involves a five-step sequential evaluation process. 20 CFR § 404.1520(a) (2012). This evaluation takes into account many different sources of information on the applicant's disability status, as set forth in SSA regulations and rulings. *Id.* When evaluating medical opinions, an ALJ "must state with particularity the weight given to different medical opinions and the reasons therefore." *Winshchel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Some medical opinions are weightier than others: "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary," but the opinion of a one-time examiner is "not entitled to great weight." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)

(citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). Reasons to assign little weight to a medical opinion include "when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

Here, in evaluating Plaintiff's RFC, the ALJ considered various medical records and Plaintiff's hearing testimony. (*See* R. 21 (citing Exs. 1F, 2F, 3F, 4F and Hearing Testimony).) This included Plaintiff's self-reports during treatment, examination results, radiographs, and referrals to pain management and physical therapy instead of surgical intervention. (*See* R. 21–22 (citing medical records).) The ALJ concluded that "the evidence indicates [Plaintiff] is capable of work at the sedentary exertional level," with limitations (R. 23.) In so finding, he gave little weight to: (1) a state agency consultant's opinion that Plaintiff was capable of "light work"; and (2) Dr. Perdomo's opinion, "based on a one-time examination," which "indicate[d] some impairment" but was otherwise contradicted by "the evidence as a whole." (R. 23.)

Plaintiff now takes issue with the ALJ's failure to cite such "evidence as a whole" when assigning little weight to Dr. Perdomo's opinion. (Doc. 20, pp. 2–3.) Semantics. The ALJ's finding concerning Dr. Perdomo did not appear out of nowhere—it was preceded by detailed pages analyzing Plaintiff's conditions and the record medical evidence since 2013 to arrive at Plaintiff's RFC. (*See* R. 21–23 (citing medical records).)[3] And, equally

---

[3] Notably, when giving little weight to the state agency consultant's finding of light work in the paragraph immediately preceding the ALJ's discussion of Dr. Perdomo's opinion, the ALJ stated, "I found that the overall medical record indicated the claimant was limited to sedentary work rather than light work *for reasons discussed above*." (R. 23 (emphasis added).) The Court finds that the absence of these four words in the next paragraph does not constitute legal error. (*See* R. 23.)

important, Dr. Perdomo was a one-time consultative examiner. (R. 23.) Taken together, the ALJ had ample ammunition to give little weight to Dr. Perdomo's opinion, and his reasoning was clearly and appropriately articulated. (*See* R. 23); *see Crawford*, 363 F.3d at 1160; *McSwain*, 814 F.3d at 619. Nothing more was required, so the Court rejects Plaintiff's first argument.

The same goes for Plaintiff's next argument that the ALJ's failure to subpoena Dr. Perdomo for the hearing violated his due process rights. (Doc. 20, pp. 4–5.) Plaintiff bases this error on a provision in a policy manual that requires an ALJ to specifically explain why a subpoena request is denied. (*See* Doc. 15, pp. 11–13 (citing Hearings, Appeals and Litigation Law Manual ("**HALLEX**") §§ I-2-5-78(C)–(D)).) As the ALJ neglected to address why he denied this subpoena request—while addressing his denial of two other subpoena requests (*see* R. 17)—Plaintiff cries error. (*See* Doc. 15, pp. 11–13; Doc. 20, pp. 4–5.) Yet this argument has no bite unless Plaintiff suffered prejudice. *See George v. Astrue*, 338 F. App'x 803, 804–05 (11th Cir. 2009) ("[T]here must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record.") (quoting *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)).[4]

To meet this, Plaintiff opines that the ALJ's summary of Dr. Perdomo's examination findings was inaccurate when the ALJ stated the ranges of motion for

---

[4] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

Plaintiff's cervical and thoracolumbar spines were "decreased" instead of "significantly decreased," as Dr. Perdomo put it. (Doc. 20, p. 4 (citing R. 22, 536).) That, plus Plaintiff's now-rejected first argument that the ALJ failed to apply the correct legal standards to Dr. Perdomo's opinion, constitutes prejudice. (*See* R. 3–4.) Again, semantics. In full, the ALJ's summary of Dr. Perdomo's examination states:

> At his March 2016 consultative examination, Alex C. Perdomo, M.D. observed that he walked down the hallway without any difficulties and did not require an assistive device for ambulation (Ex. 3F at 2). Dr. Perdomo also observed that the claimant sat comfortably during the exam and was able to get on and off the examining table without any problems (Ex. 3F at 2). On examination, bilateral knee crepitus with peripatellar tenderness was noted, with the right knee worse than the left (Ex. 3F at 3). Range of motion of upper extremities was affected at the level of the right shoulder (Ex. 3F at 3). He had full range of motion of the lower extremities, though bilateral knee flexion was painful (Ex. 3F at 3). He was unable to squat due to complaints of bilateral knee pain (Ex. 3F at 3). He was able to stand on toes and heels, though complained of bilateral knee pain and lower back pain (Ex. 3F at 3). Cervical spine range of motion and thoracolumbar spine range of motion was decreased, but straight leg raise was normal (Ex. 3F at 3). Grip strength was normal as well (Ex. 3F at 3).

(R. 22.) When compared to Dr. Perdomo's "**Report**" (R. 534–37), the Court finds no inaccuracies. Rather, the ALJ's treatment of Dr. Perdomo's Report reveals a careful consideration of its content, even though the ALJ ultimately rejected its conclusion concerning Plaintiff's work capacity in light of other medical evidence. (*See* R. 22–23.)

With this, Plaintiff's argument that prejudice resulted because the ALJ inaccurately summarized Dr. Perdomo's report cannot stand. And as Plaintiff does not otherwise cite prejudice from the ALJ's denial of his subpoena request, the Court finds no due process violation here. (*See* Doc. 20.) Dr. Perdomo's report clearly played a role in the ALJ's RFC finding; Plaintiff just wishes it was leading. Such does not compel remand, so Plaintiff's second argument fails. The Objection is overruled as to these first two

assignments of error.

**B.     VA Rating**

Plaintiff's third assignment of error—that the ALJ applied the wrong legal standard to his VA disability rating—begets a better outcome. (*See* Doc. 20, pp. 5–6.) As long-instructed by the U.S. Court of Appeals for the Eleventh Circuit, a disability rating from the VA is "evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted). "Great weight" does not mean controlling, but "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination," especially when the VA gives a 100% disability rating. *See Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) ("A VA rating of 100% disability should have been more closely scrutinized by the ALJ.")).[5]

Summarily rejecting a VA disability rating because it is non-binding in the SSA context and relies on different criteria constitutes legal error. *Id.* As does not addressing the merits of a 100% VA disability rating—particularly where based on the same underlying medical conditions at issue in the SSA proceedings. *See, e.g.*, *Williams v. Berryhill*, No. 8:17-CV-64-T-30AEP, 2018 WL 1321275, at *3 (M.D. Fla. Feb. 26, 2018), *adopted*, No. 8:17-CV-64-T-30AEP, 2018 WL 1316237 (M.D. Fla. Mar. 14, 2018); *Alvarez v.*

---

[5] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

*Comm'r of Soc. Sec.*, No. 2:15-CV-363-FtM-MRM, 2016 WL 4651373, at *4–5 (M.D. Fla. Sept. 7, 2016).[6] A justified assignment of little weight to a VA disability rating, therefore, outlines and explains what medical conditions the VA assessed and how they differ from the claimed SSA disability. *See Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779–80 (11th Cir. 2015); *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 913–15 (11th Cir. 2015); *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856–57 (11th Cir. 2013).[7] If not, the Commissioner's decision is reversed and remanded for the ALJ to appropriately evaluate and weigh the VA disability rating. *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006).[8]

Here, on April 7, 2014, the VA assigned Plaintiff a 100% combined unfitting and claimed service-connected disability rating. (R. 103; *see also* R. 100–28 ("**VA Disability Report**").) This was based on: lumbar and cervical degenerative disc disease; left and right patellar chrondromalacia with medial tibia stress syndrome; vertigo with hearing loss and tinnitus; right shoulder degenerative arthritis; left and right lower extremity

---

[6] *See also Alcalde v. Comm'r of Soc. Sec.,* No. 2:15-CV-575-FtM-MRM, 2016 WL 4889988, at *5 (M.D. Fla. Sept. 15, 2016); *Watson v. Comm'r of Soc. Sec.*, No. 2:15-CV-185-FtM-CM, 2016 WL 3922937, at *7–8 (M.D. Fla. July 21, 2016).

[7] *See also, e.g., Harrah v. Comm'r of Soc. Sec.*, No. 8:16-CV-293-T-JSS, 2017 WL 711245, at *8–9 (M.D. Fla. Feb. 23, 2017); *Burden v. Colvin*, No. 2:13-CV-2055-SLB, 2015 WL 1245195, at *6–7 (N.D. Ala. Mar. 18, 2015); *Bruno v. Berryhill*, No. CV 2:17-00332-N, 2018 WL 3341199, at *7 (S.D. Ala. July 6, 2018).

[8] *See also, e.g., Collier v. Comm'r of Soc. Sec.*, No. 2:16-cv-527-FtM-CM, 2017 WL 3911561, at *8–9 (M.D. Fla. Sept. 7, 2017); *Mallory v. Comm'r of Soc. Sec.*, No. 6:14-CV-1669-Orl-GJK, 2015 WL 8321898, at *4–5 (M.D. Fla. Dec. 9, 2015); *Salamina v. Colvin*, No. 8:12-cv-1986-T-23TGW, 2013 WL 2352204, at *3–4 (M.D. Fla. May 29, 2013); *Ray v. Astrue*, No. 8:08-cv-335-DAB, 2009 WL 799448, at *6–7 (M.D. Fla. Mar. 24, 2009); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990).

radiculopathy and sciatica associated with lumbar degenerative disc disease; left and right upper extremity neuralgia and radiculopathy associated with cervical degenerative disc disease; right wrist strain; and atopic dermatis.[9] (R. 102–03.) As support, the VA sweepingly outlined its specific medical findings, including symptoms and severity, for the weight assigned to Plaintiff's various conditions. (*See* R. 116–27.)

Yet this comprehensive analysis was given short shrift by the ALJ, who stated:

I have taken note that the Department of Veterans Affairs has assigned the claimant a service-connected disability rating of 100% (Ex. 1A). However, I have given little weight to the Department of Veterans Affairs determination. The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. In addition, the medical evidence, including the claimant's conservative treatment history, does not support the severity of limitation indicated by this rating. Therefore, I have given the rating little weight.

(R. 23.) This paragraph is telling, not just because it's the only time Plaintiff's 100% VA disability rating is addressed. First, instead of applying "serious consideration" and "close scrutiny" to the rating, the ALJ "[took] note of it." Not semantics. Next, the ALJ explained the "little weight" he afforded by referencing the two agencies' "fundamentally different" processes. This means, categorically for him, that VA ratings are "of little probative value in these proceedings"—never mind the mountain of Eleventh Circuit caselaw requiring VA ratings receive "great weight." Finally—perhaps

---

[9] In other words, mostly the same as the ALJ's impairment findings. (*See* R. 20 ("The claimant has the following severe impairments: lumbar and cervical degenerative disc disease, osteoarthritis, obesity, knee impairment, and sciatica.").)

in an effort to show "serious consideration" —the ALJ perfunctorily mentioned that "the medical evidence" generally undermines the VA's rating—sans citation.

Such cursory treatment of the VA's 100% disability rating constitutes legal error. *See Brown-Gaudet-Evans*, 673 F. App'x at 904. Beyond "taking note," it provides no indication that the ALJ read the VA Disability Report, let alone thoroughly reviewed and assessed it comparatively as required. *See id.*; *cf. Boyette*, 605 F. App'x at 779–80 (affirming ALJ's decision to not assign controlling weight to 100% VA rating when ALJ "scrutinized the VA's decision and explained in detail why it was not entitled to controlling weight" while referencing "VA examiners' opinions, VA primary care provider opinions, and VA treatment records"); *Adams*, 542 F. App'x at 857. Such error necessitates remand. *See Brown-Gaudet-Evans*, 673 F. App'x at 904. "On remand, the ALJ is not required to give the VA's disability determination controlling weight"; but certainly he "must seriously consider and closely scrutinize the VA's disability determination" and "give specific reasons if [he] discounts that determination." *Id.*

So for Plaintiff, third time's the charm. The Objection will be sustained on this ground, and the R&R's contrary finding rejected. The Commissioner's decision denying Plaintiff disability benefits must be reversed and this matter remanded.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Consistent with the dictates of this Order,

    a.    U.S. Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 19) is **ADOPTED IN PART AND**

**REJECTED IN PART**.

    b.    Plaintiff's Objections to Report and Recommendation Dated August 14, 2018 (Doc. 20) are **SUSTAINED IN PART AND OVERRULED IN PART**.

2.    The decision of the Commissioner is **REVERSED**, and this case is **REMANDED** so that the ALJ can apply the correct legal standard of close scrutiny and serious consideration to Plaintiff's 100% VA disability rating.

3.    The Clerk is **DIRECTED** to:

    a.    Enter judgment in favor of Plaintiff Samson Bekele Beshia and against Defendant Commissioner of Social Security; and

    b.    Close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 12, 2018.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record