United States District Court
Middle District of Florida
Orlando Division

SAMSON BESHIA,

     *Plaintiff,*

v.                              **No. 6:17-cv-1117-Orl-RBD-PDB**

COMMISSIONER OF SOCIAL SECURITY,

     *Defendant.*

---

# Report & Recommendation

The Court reversed the Commissioner of Social Security's denial of Samson Beshia's application for disability insurance benefits and remanded for further proceedings. Docs. 21, 22. Beshia now requests $3,758.14 in attorney and paralegal fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 23. The Commissioner does not oppose the request. Doc. 23 at 2.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested amounts are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) his request is timely, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand under 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of when the judgment becomes final. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not

appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Beshia prevailed because the Court ordered a sentence-four remand. Doc. 21. His December 7, 2018, request, Doc. 23, is timely because he made it within 30 days of November 12, 2018—the date on which the Court's September 13, 2018, judgment, Doc. 22, became final. He represents that his net worth did not exceed $2 million when he filed this case. Doc. 23 at 2. His motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 at 2, 5–6, and the Commissioner has not tried to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Beshia is eligible to receive an EAJA award, and the only remaining issue is whether the requested amounts are reasonable.

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

An EAJA award is to the party, not his attorney, and is subject to an offset to satisfy any preexisting debt the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Costs for items in 28 U.S.C. § 1920, which include clerk fees,

are allowed. 28 U.S.C. §§ 2412(a) & 1920(1). Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost-of-living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

3

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee motion is compensable. *Comm'r, INS v. Jean*, 496 U.S. 154, 157 (1990).

Beshia is represented by Richard Culbertson, Esquire, and Sarah Fay, Esquire. Doc. 23 at 2. Michael Culbertson, a paralegal, also worked on the case. Doc. 23 at 2. Neither attorney provides an affidavit on experience or customary rate. It is known in the legal community and reflected in their many appearances in social-security cases in this Court (more than 100 for Richard Culbertson and more than 30 for Fay) that they specialize in social-security work and have done so for many years. Records of The Florida Bar show Richard Culbertson has been a member since 1991 and Fay has been a member since 2011. *See* "Find a Lawyer" on www.floridabar.org.

Beshia submits three "schedules of hours." Doc. 23 at 10–12. The first schedule shows Richard Culbertson worked on the case for .9 hours between June and September 2017 and .1 hour in September 2018 (totaling 1 hour). Doc. 23 at 10. The second schedule shows Fay worked on the case for 7.4 hours between June and December 2017 and 4.6 hours between January and November 2018 (totaling 12 hours). Doc. 23 at 11. The third schedule shows Michael Culbertson worked on the case for 16 hours in October 2017. Doc. 23 at 12. The schedules show the tasks they performed and the time they took to perform them. Doc. 23 at 10–12. Tasks included reviewing the record and rulings, discussing the case with Beshia, preparing the brief, and preparing the current EAJA motion. Doc. 23 at 10–12. The administrative record is 812 pages. Docs. 13–13-13.

Beshia's $3,758.14 request is based on the total attorney time (13 hours) multiplied by $196.78, plus the total paralegal time (16 hours) multiplied by $75. The $196.78 rate is based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the "annual all urban consumer price index ("CPI") for 2017." Doc. 23 at 7. Beshia does not explain why he chose that data point. Doc. 23 at 10–12. Beshia

explains the $75 paralegal rate is for work traditionally done by an attorney (reviewing the administrative transcript and preparing the brief in opposition to the Commissioner's decision, Doc. 23 at 12) and contends an hourly rate of $75 for paralegal work is reasonable in the Middle District of Florida. Doc. 23 at 8. Beshia cites and attaches two Middle District of Florida cases from 2011 and 2012 in which the Court awarded paralegal fees at $75 an hour. Doc. 23 at 8; Docs. 23-2, 23-3.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the undersigned's own knowledge and expertise, the market rate in Orlando for services by lawyers of comparable skills, experience, and reputation to Richard Culbertson and Fay exceeds $125 an hour.

On the second step (determining whether to adjust the attorney rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Richard Culbertson and Fay performed their work. The $196.78 rate that Beshia proposes is appropriate (and slightly less than the $197.92 rate indexed to December 2017 or $202.34 rate indexed to November 2018).

As for paralegal fees for Michael Culbertson, based on the undersigned's own knowledge and expertise, $75 is reasonable and within the range of prevailing market rates for paralegal work. This Court recently awarded that amount to Michael Culbertson. *See, e.g.*, *Ingels v. Comm'r of Soc. Sec.*, No. 6:16-cv-1581-Orl-37KRS, 2018 WL 1832214, at *2 (M.D. Fla. Apr. 9, 2018) (unpublished); *Moore v. Comm'r of Soc. Sec.*, No. 6:16-cv-2075-Orl-41GJK, 2018 WL 1175077, at *1 (M.D. Fla. Feb. 8, 2018) (unpublished), *report and recommendation adopted by* 2018 WL 1152339.

On the reasonableness of the hours, none of the work by Richard Culbertson, Fay, or Michael Culbertson appears clerical or secretarial, and none appears

excludable as unnecessary. *See* Doc. 23 at 10–12. A finding that the hours are reasonable is warranted.

Using the reasonable number of hours and the reasonable rate as requested, attorney and paralegal fees of $3,758.14 ((13 x $196.78 = $2,558.14) + (16 x $75 = $1,200)) are appropriate.

The requested $400 for costs is reasonable. Beshia paid $400 to file the case. *See* Clerk's notation accompanying the complaint, Doc. 1; *Fees*, MIDDLE DISTRICT OF FLORIDA, https://www.flmd.uscourts.gov/fees-table (last visited December 13, 2018).

Beshia states, "Plaintiff assigned his right to attorney fees to … Culbertson. The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. 23 at 2. He attaches a retainer agreement with the assignment. Doc. 23-1. He asks the Court to "authorize payment of the attorney fees to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government." Doc. 23 at 3. This Court recently denied a similar request, finding that "the decision to honor an assignment is left to the discretion of the Commissioner … once the Department of Treasury determines that Plaintiff does not owe the Government a debt, 31 U.S.C. § 3727(b)."[1] *Burgos v.*

---

[1] 31 U.S.C. § 3727(b), governing the assignment of claims against the United States, provides,

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was

*Comm'r of Soc. Sec.*, No. 6:17-cv-623-Orl-37MCR, 2018 WL 6465758, at *1 (M.D. Fla. Dec. 10, 2018) (unpublished) (rejecting recommendation that "[t]he Commissioner be directed to determine whether Plaintiff owes a debt to the government; if the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government be directed to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel"). The undersigned therefore recommends leaving to the Commissioner's discretion whether to accept Beshia's assignment of EAJA fees to his attorney after determining if he owes a federal debt.

### Recommendations[2]

Because Beshia is eligible and his requested attorney and paralegal fees and costs are reasonable, the undersigned recommends:

> (1) **granting** the motion for EAJA fees, Doc. 23, in part;
>
> (2) **awarding** Beshia **$3,758.14** in attorney and paralegal fees and **$400** in costs;
>
> (3) **denying** the request to direct the Commissioner to determine whether Beshia owes a debt and leaving the acceptance of any assignment to the Commissioner's discretion after determining if Beshia owes a debt to the government; and

---

acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).

[2]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

(4) **directing** the Clerk of Court to enter judgment in favor of Beshia and against the Commissioner in the amount of **$3,758.14** in attorney and paralegal fees and **$400** in costs.

**Entered** in Jacksonville, Florida, on December 17, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      The Honorable Roy B. Dalton
        Counsel of Record