United States District Court
Middle District of Florida
Orlando Division

**SAMSON BESHIA,**

    *Plaintiff,*

v.                                      **NO. 6:17-cv-1117-Orl-37PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Report & Recommendation

Richard Culbertson, Esquire, petitions the Court under 42 U.S.C. § 406(b) for authorization to charge Samson Beshia **$2541.82** for successful representation of him. Doc. 26. The Commissioner of Social Security has no opposition. Doc. 26 at 3. The petition is timely.[1]

## Background

Beshia applied for disability benefits. Tr. 247–50. He proceeded through the administrative process, ultimately receiving an adverse decision from the Social Security Administration ("SSA"). Tr. 2–7, 17–25.

Beshia brought this action to challenge the adverse decision. Doc. 1. Beshia and Culbertson entered into a standard contingent-fee agreement under which

---

[1] Under the Court's standing order, counsel must request fees "not later than thirty (30) days" after the SSA sends a letter "to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *In re: Procedures for Filing for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*, No. 6:12-mc-124-orl-22 (Nov. 14, 2012).

Here, the Social Security Administration sent the letter on April 13, 2020. Doc. 26-2. Culbertson filed the petition on April 24, 2020, which is within the 30-day period. Doc. 26.

Culbertson agreed to represent Beshia, and Beshia agreed to pay Culbertson 25 percent of any past-due benefits awarded. Doc. 26 at 1, Doc. 26-1.

On Beshia's behalf, Culbertson filed a standard complaint, Doc. 1, and a 15-page brief arguing why the agency decision was wrong, Doc. 15. The Commissioner responded in support of the decision. Doc. 18. The Court vacated the decision and remanded the action for further administrative proceedings. Docs. 21, 22. The Court later granted a request for fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Beshia **$3758.18** in attorney's fees based on **29** hours of work and **$400** in costs. Doc. 24 at 4, 6; Doc. 26 at 2.

On remand, the SSA found Beshia was entitled to **$25,200** in past-due benefits. Doc. 26 at 2. The SSA set aside **$6300** (25 percent of the past-due benefits) for attorney's fees. Doc. 26 at 2; Doc. 26-2 at 2. This petition followed.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). The 25-percent cap applies only to fees for representation before the court, not the SSA. *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security case, unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. 28 U.S.C. § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant, and may do so by deducting the EAJA fees from the § 406(b) petition. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). A court reversibly errs by instead employing the lodestar method. *Gossett v. Soc. Sec. Admin., Comm'r*, No. 19-13922, 2020 WL 2043429, at *3 (11th Cir. Apr. 28, 2020) (unpublished).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security cases but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," thereby creating a windfall to the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

3

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the difficulty of the case, the attorney's experience, the percentage of past-due benefits that the requested fees would consume, the value of the case to the claimant, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Here, Culbertson arrives at his request for authorization to charge **$2541.82** in § 406(b) fees as follows: **$6300** (the amount of attorney's fees the SSA withheld [25 percent of past-due benefits]) minus **$3758.18** (the previously awarded EAJA fees).

To satisfy his burden of establishing the requested fees are reasonable for the services rendered, Culbertson provides the following information. Culbertson limits his practice to representing people with disabilities. Doc. 26 at 5–6. Culbertson, associate Sarah Fay, and an "experienced" paralegal spent at least 29 hours representing Beshia before this Court. Doc. 26 at 2. That time excludes time not billable under the EAJA and time spent representing Beshia during the administrative proceedings. Doc. 26 at 2. Culbertson and Beshia anticipated the past-due-benefit amount based on Beshia's earnings record and disability onset date, Beshia agreed to pay 25 percent of any past-due benefits, and the amount requested here is less than 20 percent of past-due benefits. Doc. 26 at 1, 3, 6. There is no allegation of subpar representation or delay. Doc. 26 at 5. Culbertson has deducted the EAJA fees. Doc. 26 at 3–4. Culbertson contends that, as a result of Culbertson's work, Beshia receives ongoing social-security-disability benefits and Medicare and received a "substantial sum" of retroactive benefits. Doc. 26 at 6. Culbertson observes courts have awarded fees equating to higher hourly rates. Doc. 26 at 6–8.

Culbertson has satisfied his burden. Although the case was not more difficult or riskier than most (and Culbertson does not contend otherwise), awarding the fee is warranted based on the information Culbertson provided and considering the risk of no award after the original administrative proceedings. The amount is not so large as to constitute a windfall.

## Recommendation[2]

I recommend:

1. **granting** the petition, Doc. 26;

2. **authorizing** Culbertson to charge Beshia **$2541.82** out of past-due benefits for Culbertson's successful representation of Beshia in this action; and

3. **directing** the clerk to enter judgment accordingly.[3]

.

**Entered** in Jacksonville, Florida, on May 18, 2020.

*[signature]*

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   The Honorable Roy B. Dalton
     Counsel of Record

---

[2] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[3] There is no need to direct the clerk to close the case because the case is already closed.